IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:21-CR-00070-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| JEFFREY BEN PAVKOVICH, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Jeffrey B. Pavkovich's Motion for Return of Property Under 41(g) (Doc. No. 269), which the Government opposes. The Court has carefully considered this motion and for the reasons explained below, the Court will **DENY** the motion.

Federal Rule of Criminal Procedure 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return." The rule may also be used "to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case." *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting *Young v. United States,* 489 F.3d 313, 315 (7th Cir. 2007)). However, if the Court finds "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues," then it should deny a Rule 41(g) motion. *Id.* (quoting *Jackson v. United States,* 526 F.3d 394, 396 (8th Cir. 2008)).

As part of his plea agreement, Defendant agreed "[t]o forfeit, via an administrative or judicial proceeding, *all assets listed in the charging document* … or seized during this investigation or a related investigation." Doc. No. 95 at ⁋ 9b (emphasis added). He further agreed "to waive any

1

rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and to abandonment of the defendant's interests, if any, in any seized assets not forfeited." *Id.* The Indictment's Notice of Forfeiture and Finding of Probable Cause specifically identifies the contested "$16,994 in United States currency seized on or about August 27, 2020 from Jeffrey Ben Pavkovich." Doc. No. 3 at 12 ⁋ 5. Moreover, the currency was administratively forfeited. The Drug Enforcement Agency initiated an administrative forfeiture action and, after Defendant received notice, issued a Declaration of Forfeiture which noted that no claim had been filed for the property. *See* Doc. No. 273-1.

Therefore, Defendant's plea agreement precludes his motion and Defendant is not entitled to possession of the seized property. *See United States v. Alamoudi,* 452 F.3d 310, 312–13 (4th Cir. 2006) (upholding forfeiture where plea agreement specified forfeitable property and contained waiver provision). Defendant's motion will accordingly be denied.

**SO ORDERED.**

Signed: May 10, 2024

Kenneth D. Bell
United States District Judge