# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

United States of America
v.
Jeffrey Ben Pavkovich

Case No: 5:21-cr-70-KDB-SCR-4

USM No: 75301-509

Date of Original Judgment: 03/03/2023
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 03/03/2023 shall remain in effect.
**IT IS SO ORDERED**.

Signed: May 12, 2024

*Kenneth D. Bell*
*United States District Judge*

*Judge's signature*

Effective Date: _____      Kenneth D. Bell
*(if different from order date)*      *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Jeffrey Ben Pavkovich
CASE NUMBER: 5:21-cr-70-KDB-SCR-4
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | |
|---|---|
| Previous Total Offense Level: 33 | Amended Total Offense Level: 33 |
| Criminal History Category: IV | Criminal History Category: III |
| Previous Guideline Range: 188 to 235 months | Amended Guideline Range: 168 to 210 months |

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendment to U.S.S.G. §4A1.1 in Amendment 821 does apply to the Defendant as he had "status points" as his offense was committed while he was under a criminal sentence. (Doc. No. 139, ¶ 90). With the removal of the 2 status points (because the Defendant had 6 or fewer criminal history points), criminal history points of 5 equals a criminal history category of III. With an Offense Level of 33 and a criminal history category III, the sentencing guideline range becomes 168-210 months imprisonment.  At sentencing, the Court granted the parties agreement for a 2-level variance as noted in the Plea Agreement. (Doc. No. 222, at 3). Defendant was sentenced to 151 months imprisonment. (Doc. No. 221). Due to the limitation provided in U.S.S.G. §1B1.10(b)(2)(A), the Court cannot impose a sentence below the already imposed sentence. Amendment 821 provides no relief to Defendant.